IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL GUERRERO,<br>    Plaintiff | : <br> : <br> : | No. 1:23-cv-01490 |
| v. | : <br> : | (Judge Rambo) |
| UNITED STATES OF AMERICA,<br>    Defendant | : <br> : | |

**MEMORANDUM**

Pro se Plaintiff Miguel Guerrero ("Plaintiff"), who is a prisoner in the custody of the Federal Bureau of Prisons, is currently incarcerated at Danbury Federal Corrections Institution ("FCI Danbury") in Danbury, Connecticut. (Doc. No. 1.) He has commenced the above-captioned action by filing a complaint against the United States of America ("Defendant") pursuant to the Federal Tort Claims Act ("FTCA"). (Id.) In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint as barred by the doctrine of claim preclusion.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

I.      BACKGROUND

On September 7, 2023, while Plaintiff was incarcerated at FCI Danbury, he filed his complaint against Defendant pursuant to the FTCA. (Doc. No. 1.) In response to his complaint, a Thirty (30) Day Administrative Order was issued, directing Plaintiff to either pay the requisite filing fee or complete and sign a motion for leave to proceed in forma pauperis. (Doc. No. 3.) In accordance with that Administrative Order, Plaintiff filed, on September 19, 2023, a motion for leave to proceed in forma pauperis, followed by his prisoner trust fund account statement. (Doc. Nos. 4, 6.) The Court, having reviewed Plaintiff's motion and trust fund account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In his complaint, Plaintiff sets forth the following allegations. In or around November of 2020, while at the "BOP GEO privately contracted prison Moshannon Valley[,]" he contracted COVID-19 and, as a result, he experienced the following symptoms: difficulty breathing; inability to taste or smell; migraine headaches; and constant fatigue. (Doc. No. 1 ¶ 2.) Plaintiff alleges that, despite him informing medical personnel of his symptoms, his complaints went unanswered, and he was not given the opportunity to take a COVID-19 test. (Id.)

On or about March 31, 2021, Plaintiff was transferred to Low Security Correctional Institution Allenwood in Allenwood, Pennsylvania ("LSCI

Allenwood"). (Id. at ¶ 3.) Plaintiff alleges that, while he was housed at LSCI Allenwood, he experienced symptoms consistent with a condition known as "Long COVID." (Id.) Plaintiff claims, however, that despite his condition, he was assigned to work as a housing unit orderly in the Brady B unit of LSCI Allenwood on or about April 1, 2021. (Id. at ¶ 4.) Plaintiff also claims that he was given this work assignment even though he was not seen by any medical personal at LSCI Allenwood. (Id. (alleging that this requirement was "mandated by BOP policy in order to issue a medical clearance . . . ").)

Plaintiff asserts that his symptoms did not desist while he was housed at LSCI Allenwood, but rather, they continued throughout the months of April and May of 2021. (Id. at ¶ 5.) Additionally, throughout this period of time, Plaintiff remained assigned to the Brady B unit as a housing unit orderly. (Id. (reiterating that, despite this work assignment, he was not seen by medical personnel for a medical clearance).)

Plaintiff alleges that, on May 23, 2021, at approximately 4:00 p.m., while he "was working[,]" he became dizzy, which was consistent with his condition at the time. (Id. at ¶ 6.) He alleges that he lost consciousness and fell onto the bathroom toilet where he was cleaning. (Id.) Plaintiff asserts that, because of this fall and the injuries he sustained, he was rushed to the emergency room. (Id.)

In addition, Plaintiff asserts that he was subsequently transferred to FCI Danbury, where his right shoulder became increasingly painful. (Id. at ¶ 7.) As a result, Plaintiff made several complaints to medical personnel, but he alleges that his complaints went unanswered. (Id.) However, he remained persistent, and he was eventually seen by Dr. Escobar, who scheduled Plaintiff for an x-ray. (Id. at ¶¶ 7–8.) The x-ray revealed that Plaintiff had "a grade 2 separation of his right shoulder." (Id. ¶ 9.)

Due to his injuries, Plaintiff claims that he is unable to participate in sports and other physical activities and still experiences pain in his hand, shoulder, and left knee. (Id. at ¶ 10 (explaining that the pain makes it difficult for him to "perform mundane tasks" and to stand or walk for long periods of time).) As for relief, he seeks monetary damages. (Id. at ¶ 12.) And, finally, Plaintiff claims that, before he filed this suit, he exhausted his administrative remedies. (Id. at ¶ 11 (explaining that, "[a]fter a faulty investigation[,]" his claim was denied).)

However, this is not the first case that Plaintiff has filed in this Court, asserting an FTCA claim against Defendant based upon the injuries that he allegedly sustained on May 23, 2021, while working as a housing unit orderly in the Brady B unit of LSCI Allenwood. Indeed, on October 18, 2022, Plaintiff sued Defendant (i.e., the United States of America) in this Court based upon the same allegations. See

4

Guerrero v. United States of America, No. 1:22-cv-01631 (M.D. Pa. filed Oct. 18, 2022) ("Guerrero I").

In Guerrero I, the Court granted Plaintiff leave to proceed in forma pauperis and dismissed his complaint because it failed to state a claim upon which relief could be granted. See id., ECF Nos. 6, 7. More specifically, the Court determined that Plaintiff was precluded from asserting an FTCA claim against Defendant regarding his work-related injuries since the claim was precluded by the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126. See id., ECF No. 6 at 6–8. The Court further determined that granting Plaintiff leave to amend his FTCA claim against Defendant would be futile since the IACA provides the exclusive remedy for the injuries complained of in his complaint. See id. at 8–9. As a result, the Court dismissed Plaintiff's FTCA claim without leave to amend. See id. at 8. The Court also stated, however, that this dismissal was without prejudice to his right to assert a claim for compensation benefits under the IACA. See id., ECF No. 7 at 2.

As a result, the Court is, essentially, being tasked with reviewing the same FTCA claim against the same Defendant involving the same underlying allegations. That said, the Court turns to the legal standard governing its disposition of the instant action.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint.  See id.  In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."   See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

6

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III.   DISCUSSION

Plaintiff's complaint is subject to dismissal because it is barred by claim preclusion. "Claim preclusion—which some courts and commentators also call res judicata—protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." Beasley v. Howard, 14 F.4th 226, 231 (3d Cir. 2021) (citation and internal quotation marks omitted). Claim preclusion "does so by prevent[ing] parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." See id. (citation and internal quotation marks omitted). As a result, "[t]he prior judgment's preclusive effect then extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." See id. at 231–32 (citation omitted). This preclusive effect also extends to "theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim

7

preclusion when the events underlying the two suits are essentially the same." See id. (citation omitted).

As explained by the United States Court of Appeals for the Third Circuit ("Third Circuit"), three (3) elements must be satisfied for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." See In re Healthcare Real Est. Partners, LLC, 941 F.3d 64, 72 (3d Cir. 2019) (citation and internal quotation marks omitted); Marmon Coal Co. v. Dir., Office Workers' Compensation Programs, 726 F.3d 387, 394 (3d Cir. 2013) (setting forth the same three (3) elements). As for a "judgment on the merits," the Third Circuit has explained that this is "a term of art" that "is confusing because [it] does not require an actual verdict or summary judgment[.]" See Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 610 (3d Cir. 2020). Rather, this element is "better understood in terms of its functional equivalent: whether a dismissal is with prejudice." See id. (emphasis and citation omitted). And, relevant here, courts may raise the issue of claim preclusion sua sponte. See King v. East Lampeter Twp., 69 F'Appx. 94, 95–96 (3d Cir. 2003) (unpublished) (affirming district court's sua sponte dismissal of complaint on grounds of res judicata).

Here, the FTCA claim and supporting allegations that Plaintiff asserts in the instant action are the same as the FTCA claim and supporting allegations that he

8

asserted in Guerrero I, which the Court dismissed without leave to amend and, therefore, effectively, with prejudice. In addition, the parties are the same in both cases. In Guerrero I, Plaintiff named the United States of America as the only defendant, and, in this action, Plaintiff again names the United States of America as the only defendant. Moreover, the request for relief is the same in both cases. In Guerrero I and the instant action, Plaintiff seeks "compensatory damages in a sum certain of $5,000,000.00[.]" (Doc. No. 1 ¶ 12); Guerrero v. United States of America, No. 1:22-cv-01631 (M.D. Pa. Oct. 18, 2022), ECF No. 1 at 4. And, finally, to the extent that Plaintiff is attempting to add new allegations concerning his exhaustion efforts or that it was later determined while he was incarcerated at FCI Danbury that he separated his shoulder, such allegations could have been raised in Guerrero I. See, e.g., Beasley, 14 F.4th at 231–32 (stating that "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit"); Shockley v. Hosterman, 279 F. App'x 98, 99 (3d Cir. 2008) (unpublished) (stating that "Shockley's second lawsuit, filed after the court adjudged the first to be frivolous, lacked arguable merit in fact or law because it was barred under the principles of res judicata . . ." (underline added)). Accordingly, for all of these reasons, the Court concludes that claim preclusion applies here.

Even if, however, claim preclusion would not apply here, the instant action is subject to dismissal under 28 U.S.C. § 1915. See, e.g., McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997) (stating that "repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious" (citation and internal quotation marks omitted)); Donahue v. Dauphin Cnty., 852 F. App'x 630, 632 (3d Cir. 2021) (unpublished) (citing McWilliams and explaining that the Third Circuit and other sister Circuits have held that repetitious litigation may be dismissed under § 1915 as frivolous or malicious).

A complaint is considered frivolous when it "lacks an arguable basis either in law or in fact." See Neitzke v. Williams, 490 U.S. 319, 325 (1989). And, here, Plaintiff's complaint lacks an arguable basis in law. As explained by this Court in Guerrero I, Plaintiff's claim is not legally cognizable under the FTCA because it arose during his penal employment at LSCI Allenwood and, thus, is exclusively covered by the IACA. See United States v. Demko, 385 U.S. 149, 152 (1966) (holding that federal prisoners are precluded from asserting FTCA claims for such work-related injuries since they have "already been protected by 18 U.S.C. § 4126"); Hampton v. Jones, No. 21-2880, 2022 WL 4820355, at *2 (3d Cir. Oct. 3, 2022) (unpublished) (affirming district court's dismissal of plaintiff-prisoner's FTCA claims because those claims arose in the context of his workplace employment at the United States penitentiary in Lewisburg, Pennsylvania and, thus, were "precluded

10

by the IACA"). Accordingly, for all of these reasons, Plaintiff's complaint is subject to dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff leave to proceed in forma pauperis (Doc. No. 4), and the Court will dismiss his complaint (Doc. No. 1) as barred by the doctrine of claim preclusion. An appropriate Order follows.


Dated: December 6, 2023                    s/ Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge